UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| REHANA BIBI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case #1:20-cv-1478 (LMB/MSN) |
| | ) |
| MIR SHAKIL-UR-RAHMAN, *et al.* | ) |
| | ) |
|    Defendants. | ) |

MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF
TIME TO SERVE COMPLAINT AND FOR STAY OF PROCEEDINGS

Plaintiff Rehana Bibi has moved for an extension of time within which to serve two defendants who are residents of Pakistan, and for a stay of proceedings to accommodate their service. For the following reasons, this motion should be granted.

Background

In this human trafficking case, Ms. Bibi seeks relief against four persons who trafficked her from Pakistan to Loudoun County, Virginia, to work as a servant for five years under circumstances amounting to domestic slavery. The details of Ms. Bibi's travail are set forth in the complaint.

Ms. Bibi was defrauded into coming to the United States by defendants Mir and Shaheena Shakil-ur-Rahman, then as now residents of Pakistan, to work in the home of Shoaib and Ayesha Yahya, then as now living in Loudoun. Shoaib Yahyah is the brother of Shaheena Shakil-ur-Rahman.

This lawsuit was filed on December 3, 2020, and the Yahya defendants duly served with the summons and complaint in timely fashion.[1] Serving the Shakil-ur-Rahmans, however, is a different matter.

Pursuant to the Federal Rules of Civil Procedure, the Shakil-ur-Rahmans may be served in Pakistan "by an internationally agreed means of serve that is reasonably calculated to give notice, such as those authorized by the Hague Convention...." Fed. R. Civ. P. 4(f)(1). Indeed, "by virtue of the Supremacy Clause, U.S. Const., Art. VI, the [Hague] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *Volkswagenverk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Pakistan is a signatory to the Hague Convention.[2]

Pursuant to the applicable protocol, on December 28, 2020, counsel sent the summons and complaint to the Solicitor in the Pakistani Ministry of Law and Justice, Islamabad, *see* Exhibit 1, and engaged the services of Judicial Process and Support, Inc. of Miami, Florida (www.judicialsupport.com) to attend to this service in Pakistan. Judicial Process and Support has been in business since 2000 and specializes in serving process internationally under The Hague Convention. *See* Exhibit 2, ¶2.

---

[1] While counsel for the Yahyas has not yet entered an appearance in the case, they have communicated with the undersigned, who has advised them of the imminent filing of the instant motion. Were the court to grant this motion, Ms. Bibi would anticipate that the Yahyas' responses to the complaint could be filed at the same time as those of the Shakil-ur-Rahmans.

[2] While Pakistan does not permit service of process directly through the foreign diplomatic and consular agents, Pakistan permits service through the Pakistani judicial officers under Article 10(b) of the Convention. Pakistan Declarations and Reservations, Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

Counsel has been advised by Judicial Process and Support that: "Based on our experience, the process under The Hague Convention for service to Pakistan could take from 6-12 months." Exhibit 2 ¶4. Even if the delay is "only" six months, this state of affairs requires judicial approval of an extension of time for service to be effected. In addition, proceeding in the ordinary course against the Yahya defendants alone would result in litigation addressing the exploitation of Ms. Bibi in Loudoun without appropriately addressing the fraudulent basis on which she was convinced to come here in the first place – a matter of strategic, tactical, and practical concern to Ms. Bibi.

Ms. Bibi's counsel assure the court that they will do everything reasonably in their power to cause the Shakil-ur-Rahmans to be served as promptly as possible so that this lawsuit may proceed. Pending service of these defendants, however, Ms. Bibi respectfully requests an order of this court (a) granting her time to get the Shakil-ur-Rahman defendants served, and (b) staying proceedings (once the Yahya defendants appear) pending service on the Shakil-ur-Rahmans.

The instant request for stay is a necessary and appropriate remedy for the problem at hand. In *Xyrous Commc'ns, LLC v. Bulgarian Telecommcn's Co. AD*, No. 1:09-cv-396, 2009 WL 2877084, at *10 (E.D. Va. Sept. 4, 2009), the plaintiff – unlike the plaintiff here – initially failed to comply with the protocols of the Hague Convention and did not properly serve the Bulgarian defendant. The court, per O'Grady, J., gave the plaintiff an additional 120 days to serve the defendant, recognizing that "service of a Bulgarian corporation under the Hague Convention is a complex process." *Id*. Ms. Bibi fears that serving defendants in Pakistan is at least as "complex."

In *Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 390-91 (E.D. Va. 2020), plaintiffs' attorneys hired two foreign process service firms in an attempt, lasting nearly one year, to serve the Argentinian defendant with process. Having granted plaintiffs three extensions of time in order to effect service, the court, per Ellis, J., finally allowed plaintiffs to serve defendant via email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. *Id.* at 391. Ms. Bibi does not request such a remedy yet, but reserves her right to return to the court for assistance in effecting service if needed.

## Conclusion

For these reasons, Ms. Bib's motion for an extension of time and a stay of proceedings should be granted. In the event the Yahya defendants do not file a motion to stay, and instead file a motion to dismiss before the court has ruled on the instant motion, Ms. Bibi stands prepared to respond to such motion to dismiss.

    Respectfully submitted,

    REHANA BIBI,

    By counsel

Dated:   January 26, 2021

Counsel for Plaintiff:


//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
BibiRahana\Pleadings\MemMExtendTimeServeComplaint


//s// Matthew T. Sutter
Matthew T. Sutter, #66741
Khadeja Tipu, #93813
Sutter & Terpak, PLLC
7540A Little River Turnpike, First Floor
Annandale, VA 22003
703.256.1800 / Fax: 703. 991.6116
matt@sutterandterpak.com


//s// Alexandra M. Lydon
Alexandra M. Lydon #90122
Dipti Pidikiti-Smith, #73318
Alina Launchbaugh #94217
Legal Services of Northern Virginia
100 N Pitt Street, #307
Alexandria, VA 22314
703.504.9155 / Fax: 571.386.0641
alydon@lsnv.org

<u>Certificate of Service</u>

I, Victor M. Glasberg, hereby certify that on this 26th day of January 2021, I served a copy of this plaintiff's Memorandum in Support of Motion for Extension of Time to Serve Complaint and For Stay of Proceedings by email on counsel, not yet having entered an appearance in the case, but having identified themselves informally as counsel for the Yahya defendants:

>Trey Mayfield, Esq.
>Cecilia Duran, Esq.
>Juris Day PLLC
>10521 Judicial Drive, #200
>Fairfax, VA 22030
>tmayfield@jurisday.com
>cduran@jurisday.com

>//s// Victor M. Glasberg
>Victor M. Glasberg
>Victor M. Glasberg & Associates
>121 S. Columbus Street
>Alexandria, VA  22314
>703.684.1100 / Fax: 703.684.1104
>vmg@robinhoodesq.com
>
>Counsel for plaintiff