UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | | |
|---|---|---|
| REHANA BIBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case #1:20-cv-1478 (LMB/MSN) |
| | ) | |
| MIR SHAKIL-UR-RAHMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF
TIME TO SERVE COMPLAINT, FOR APPROVAL OF ALTERNATIVE
MEANS OF SERVICE, FOR CONTINUED STAY, AND FOR ORDER BARRING
DEFENDANTS FROM CONTACTING PLAINTIFF PERSONALLY

Plaintiff Rehana Bibi has moved for (1) an extension of time within which to serve two

defendants who are residents of Pakistan, (2) approval of alternative means of service on the

Pakistani defendants, (3) a brief continued a stay of proceedings to accommodate their service,

and (4) an order barring defendants or their agents from contacting or harassing Ms. Bibi or her

family.  For the following reasons, this motion should be granted.


Background

In this human trafficking case, Ms. Bibi seeks relief against four persons who trafficked

her from Pakistan to Loudoun County, Virginia, to work as a servant for five years under

circumstances amounting to domestic slavery.  The details of Ms. Bibi's travail are set forth in

the complaint.

The Yahya defendants, residents of Loudoun County, were served with the summons and complaint in timely fashion, appeared, and are represented by counsel. As of this writing, Ms. Yahya remains a defendants in the case, and Mr. Yahya's motion to be dismissed as a defendant is pending. Ms. Bibi applied for an extension of time within which to serve defendants Mir and Shaheena Shakil ur Rahman, residents of Lahore, Pakistan, and by order entered January 27, 2021 (ECF 15), the court granted her until June1, 2021 to effect this service. Counsel for Ms. Bibi had by that time already activated the protocol provided for international service by the Hague Convention. Since the grant of this extension, however, the Rahmans have not been served. The following has occurred:

* The international process service company, acting via the appropriate Pakistani authorities, has attempted to serve the Rahmans at their home in Lahore. The process server reports that he has not been able to serve Ms. Rahman as reportedly "she is out of country and security guard refused to receive the summons/notice."[1] See Exhibit A attached hereto, at 2.

* Ms. Rahman has, via her agent (her gardener), told Ms. Bibi's husband, who lives in Lahore, to have Ms. Bibi contact her to discuss the lawsuit against her and the other defendants; that she could be reached at home by Ms. Bibi or her husband for this purpose; that she and also Ms. Yahya were "ready to ask for forgiveness";

---

[1]A summons and complaint were to be served on both Mr. and Ms. Rahmans. To date, Ms. Bibi's counsel, who requested service on both Rahmans, have not been able to clarify why the return refers solely to Ms. Rahman. (There may also be translation problems with the service documents. Page 2 of the attached service packet, Exhibit A, refers, for example, to "his real brother," something that is incomprehensible and according to Ms. Bibi's Urdu-speaking counsel, an incorrect translation of the Urdu. On direction of the court, counsel will provide a professional translator to clarify any issue arising in connection with the Urdu text.

that Ms. Bibi was pursuing this case only for money; that Ms. Rahman's brother, defendant Shoaib Yahya, was spending all his money on the case; and that the defendants were "willing to do anything to resolve the case."  Mr. Bibi responded that Ms. Rahman should speak with Ms. Bibi's lawyers.  *See* Exhibit B attached hereto.

\*   Ms. Rahman has also repeatedly called Ms. Bibi's nephew Adeel Anwar, a resident of Pakistan, giving him the same message as was conveyed to Ms. Bibi's husband, as set forth above.  As recently as April 20, 2021, Ms. Rahman and defendant Shoaib Yahya called Mr. Anwar on a conference call to request that Ms. Bibi call Mr. Yahya, or provide him with her telephone number so he could call her.  Ms. Bibi declined to do as requested.  She is eager to resolve this case, but requires that this be done through her lawyers.  She does not wish to be contacted by or on behalf of the defendants while this case is pending, except through counsel.  *See* Exhibit C attached hereto.

With the court's June 1, 2021 service deadline looming, Ms. Bibi's counsel respectfully request the court to grant an appropriate extension of time to effect service on the Rahman defendants, and, pursuant to Fed.R.Civ.P. 4(f)(3), court authorization for service by such lawful means as the court may order, including, by preference, *each* of the following, to be accomplished as promptly as possible by Ms. Bibi's counsel[2]:

---

[2]Counsel seek to guard against jurisdictional problems in the event of a default judgment entered against the Rahmans.

\*      **Via email**, having required defendant Ayesha Yahya to provide the email

addresses of her sister-in-law Ayesha Rahman and her husband Mir Rahman,

\*      **Via registered mail** to the Rahmans' residence at R/O House No. 8-H, Johar

Town, Lahore, Pakistan

\*      **Via registered mail and (where available) fax and email** to all of Mir Shakil-

ur-Rahman's business offices published on line, as follows:

Mir Shakil-ur-Rahman, Editor in Chief
Jang Media Group
Al Rahman Building
1.1. Chundrigar Road
Karachi 75400, Pakistan
solutions@janggroup.com.pk

Mir Shakil-ur-Rahman, Editor in Chief
Jang Group of Newspapers
Printing House
I.I. Chundrigar Road
Karachi 74200, Pakistan
Fax: 92-21-326.35.640 / 326.36.066

Mir Shakil-ur-Rahman, Editor
Daily Jang
13-sir Agha Khan Road
Lahore, Punjab, Pakistan
Fax: 042-636-4280

Mir Shakil-ur-Rahman, Founder
Geo TV and News Studio
Al-Rahman Building, 6th Floor
I.I Chundrigar Road
Karachi 75400, Pakistan
Email link:  https://www.lookup.pk/4303/GEO-Tv-Network

Mir Shakil-ur-Rahman
Marketing Office
Geo TV
AWAZ Building, 16 Davis Road
Lahore, Pakistan
Fax: 042-630-9471

\*      **By posting** of the summonses and complaints on the door or gate to the residence

if it cannot be delivered.[3]

Counsel also seek a court order barring defendants, their agents or anyone in privity with

them from harassing Ms. Bibi or her family members or contacting them regarding anything

directly or indirectly touching the lawsuit, and directing any such contact to be solely with Ms.

Bibi's counsel.

<u>Discussion</u>

Ms. Bibi and her counsel regret having to request a second extension of time for service,

but respectfully represent that they have assiduously tried to complete service within the allotted

time, and that service under the protocols requested here should be promptly efficiacious, so that

there will not be another delay of months on end.

This court has plenary authority to order service via the requested means.  Fed.R.Civ.P.

4(f)(3).  "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'

It is merely one means among several which enables service of process on an international

defendant."  *S.E.C. v. Tome*, 833 F.2d 1086, 1092 (2d Cir.1987).  In *Automobili Lamborghini*

---

[3]The fifth page of the Pakistani process-serving packet submitted herewith as Exhibit A
authorizes service by "affix[ing] a copy of the summons/documents on the outer door of the
house in which the addresses ordinarily resides.

*S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 390-91 (E.D. Va. 2020), *app. dismissed,* 823 F. App'x 174 (4ᵗʰ Cir. 2020), *reh'g denied* (Oct. 27. 2020), after granting plaintiffs' counsel three extensions of time over a period of nearly one year to serve an Argentinian defendant with process, Judge Ellis allowed the defendant to be served via email.  "Where the plaintiff can show that deliberate avoidance and obstruction by the defendant have made the giving of notice impossible, statutes and case law have allowed substitute notice by mail."  *S.E.C. v. Tome, id.* Ms. Bibi respectfully submits that such relief is appropriate here, particularly where she proposes to use all available service means to bring the Shakil ur Rahmans before the court.

There is no issue of lack of timely notice here.  Apart from the fact that the Yahyas and Rahmans form a close, intertwined family unit (*see* family tree attached to the complaint), it is manifestly the case that the Rahmans know of the suit  – witness their importuning Ms. Bibi's husband set forth above.  But instead of addressing, and hopefully resolving, the lawsuit in a professional manner via counsel, they have seen fit to pressure a Pakistani man of extremely modest means to have it withdrawn.  Ms. Bibi respectfully submits that the court should not tolerate this, and asks for such relief as the court may grant.[4]

Finally, counsel request a continuation of the stay of proceedings pending appearance of the Rahmans in this lawsuit, so as to rationalize the discovery process that will take place if the case does not settle once the Rahmans have been served.

---

[4]Counsel recognize that the Rahmans are not yet before the court.  But their close relatives are, and injunctions routinely run to non-parties in privity or otherwise acting in concert with parties who are enjoined by a court.  Together with the summons and complaint, counsel propose to serve on the Rahmans any such order handed down by the court.

Conclusion

For these reasons, Ms. Bib's motion for an extension of time to serve the Rahmans, for a stay of proceedings pending their service, for approval of the proposed means of service, and for an order safeguarding her or members of her direct family from harassment by defendants or their agents or privies, should be granted.

Respectfully submitted,

REHANA BIBI,

By counsel

Dated:   May 28, 2021

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com
**BibiRahana\Pleadings\MemMExServeComplaintContinuedStay**

//s// Alexandra M. Lydon
Alexandra M. Lydon #90122
Dipti Pidikiti-Smith, #73318
Alina Launchbaugh #94217
Legal Services of Northern Virginia
100 N Pitt Street, #307
Alexandria, VA 22314
703.504.9155 / Fax: 571.386.0641
alydon@lsnv.org

//s// Matthew T. Sutter
Matthew T. Sutter, #66741
Khadeja Tipu, #93813
Sutter & Terpak, PLLC
7540A Little River Turnpike, First Floor
Annandale, VA 22003
703.256.1800 / Fax: 703. 991.6116
matt@sutterandterpak.com

<u>Certificate of Service</u>

I, Victor M. Glasberg, hereby certify that on this 28th day of May 2021, I filed a copy of the foregoing Memorandum in Support of Motion for Extension of Time to Serve Complaint, for Approval of Alternative Means of Service, for Continued Stay, and for Order Barring Defendants from Contacting Plaintiff Personally with the clerk via the court's ECF system.

<div style="margin-left: 50%;">

//s// Victor M. Glasberg     

Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com

Counsel for plaintiff

</div>