UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| REHANA BIBI, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>MIR SHAKIL-UR-RAHMAN, et al., )<br>)<br>*Defendants*. ) | Case No.: 1:20-CV-1478-LMB-MSM |

**YAHYA DEFENDANTS' MOTION FOR ORDER REQUIRING EVIDENCE PRESERVATION AND SPOUSAL DISCOVERY, AND SANCTIONS**

Defendants Shoaib and Ayesha Yahya hereby provide, via the attached Declaration of Faisel Masih, evidence of witness intimidation perpetrated by Plaintiff Bibi's husband, Riaz Masih ("Riaz"), against Faisel Masih ("Faisel"), to withhold evidence and provide false testimony in this case.[1] As set forth in the Declaration, Faisel is Plaintiff Bibi's first cousin, and he also knows Defendant Shaheena Rahman, whom he refers to as "Aunty Shaheena" Masih Decl. ¶ 1. Faisel states under oath that: On July 5, 2021, Riaz, accompanied by his son-in-law, Akash Butah, came to Faisel's house, where Faisel's wife, brother, and three minor sons where present. *Id.* at 3-4. Riaz expressed his belief that Faisel has on his computer information that could be detrimental to Mrs. Bibi's case, and that Faisel had been and/or intended to help the Rahmans and the Yahya's in defending against Mrs. Bibi's allegations in this case. *Id.* at 5. Riaz told he did not want Faisel to talk to Mrs. Rahman, or to provide her with any information that could help her in the case, and further stated that Faisel should not betray his family by assisting the Defendants. *Id.* at 5-6. Faisel rejected Riaz's requests, declaring it would be wrong to help Mrs. Bibi lie in this case. *Id.* at 7. Riaz responded by telling Faisel that Riaz would have him

---

[1] Because the signed copy transmitted from Pakistan is difficult to read, a clean, unsigned copy is also attached for ease of reading.

beaten by gang members, kidnapped, and arrested by the police, and he threatened similar actions against Faisel's mother. *Id.* at 8. Riaz also stated that he would go to an influential member of their community to force Faisel to cooperate and assist Mrs. Bibi with her case. *Id.* Riaz finished by stating "I will show you who I am. I am not responsible for what I have to do now," and then angrily left Faisel's home. *Id.* at 9.

Faisel has declared that he is willing to testify in court if necessary. *Id.* at 10.

Faisel Masih's Declaration is significant evidence that Plaintiff Bibi is actively seeking to deny the Defendants their due process right to a fair trial, and, indeed, that this lawsuit is nothing more than a corrupt act of extortion by Mrs. Bibi and her husband designed to enrich themselves at Defendants' expense, and to permit Mrs. Bibi to remain in the United States using a visa status obtained through her false claims of having been trafficked. *See, e.g., Detweiler v. Va. Dept. of Rehabilitative Servs*, 705 F.2d 557, 561-62 (4th Cir. 1983) (holding that plaintiff's allegation that prospective favorable witnesses were intimidated stated a claim for deprivation of due process). Based on this evidence, Plaintiffs are entitled to immediate discovery of Mrs. Bibi's mutual conversations with her husband about this lawsuit and his actions towards Faisel Masih, including discovery of any electronic communications by any medium with her husband, and any communications she has had with any other witness about Faisel Masih. The spousal privilege against obtaining testimony concerning confidential conversations between married couples is inapplicable under the crime-fraud exception, where, as here, there is prima facie evidence that the couple has jointly engaged in the commission of a crime, or sought to defraud the Court. *In re Search of Info. Associated with staceypomrenke@gmail.com*, 2016 U.S. Dist. LEXIS 80881 at *5-11 (W.D.Va. June 21, 2016), citing *e,g,, U.S. v. Parker*, 834 F.2d 408, 411-13 (4th Cir. 1987); *U.S. v. Bey*, 188 F.3d 1, 5 (1st Cir. 1999); *U.S. v. Short*, 4 F.3d 475, 479 (7th Cir. 1993); *In re:*

*Sealed Grand Jury Subpoenas*, 810 F.Supp.2d 788, 792-93 (W.D.Va. 2011) (citing *In re: Grand Jury Proceedings #5*, 401 F.3d 247, 251 (4th Cir. 2005)). To that end, the Yahya Defendants request that their counsel be permitted to take immediate custody of any phone, tablet, computer or electronic device Mrs. Bibi uses, and that she be ordered to identify all communications mediums she uses, and the password information to access those mediums. They further request that the Court order Mrs. Bibi, and her husband, to refrain from deleting, destroying, or altering any communication either of them controls.

Upon completion of this targeted discovery, the Court should hold a hearing to determine the appropriate sanction against Plaintiff Bibi and her husband, Riaz Masih.

Respectfully Submitted,
Shoaib Nooruddin Yahya & Ayesha Yahya

By counsel:
Juris Day, PLLC


_____/s/_____
Earl N. "Trey" Mayfield, III, VSB # 41691
tmayfield@jurisday.com
10521 Judicial Drive, Suite 200
Fairfax, VA 22030
Voice: (703) 268-5600
Facsimile: (703) 268-5602
*Counsel for Defendants*
*Shoaib Nooruddin Yahya and Ayesha Yahya*


CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2021, I caused the foregoing document to be delivered via ECF to:

Victor M. Glasberg, Esq.
Glasberg & Associates
121 S. Columbus St.
Alexandria, VA 22314

Tel. (703) 684-1100
Fax (703) 684-1104
vmg@robinhoodesq.com

Matthew Sutter, Esq.
Sutter & Terpak, PLLC
7540A Little River Turnpike, First Floor
Annandale, VA 22003
Tel. (703) 256-1800
Fax (703) 991-6116
matt@sutterandterpak.com

Alexandra Lydon, Esq.
Legal Services of Northern Virginia
100 N. Pitt Street, #307
Alexandria, VA 22314
Tel. (703) 504-9155
Fax (571) 386-0641
alydon@lsnv.org

_____/s/_____
Trey Mayfield