UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| REHANA BIBI, | ) |
|     *Plaintiff*, | ) ) ) |
|     v. | )   Case No.: 1:20-CV-1478-LMB-MSM ) |
| MIR SHAKIL-UR-RAHMAN, et al., | ) ) |
|     *Defendants*. | ) |

**YAHYA DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING EVIDENCE PRESERVATION AND SPOUSAL DISCOVERY, AND SANCTIONS**

    Defendants Shoaib and Ayesha Yahya hereby reply in support of their Motion for Order Requiring Evidence Preservation and Spousal Discovery and Sanctions. Plaintiff Bibi's Response Brief is a circular exercise in evasion that seeks to altogether avoid the appropriate response to the preliminary evidence of witness tampering submitted to the Court. So there is no doubt, the appropriate course of action is this: Having received the substantial preliminary evidence of witness intimidation via Faisel Masih's Declaration, the Court should order discovery on that limited issue, including the electronic discovery of Mrs. Bibi's devices, by qualified third parties consistent with Fed.R.Civ.P. 34, followed by an in-Court hearing in which the relevant witnesses can be cross-examined before the Court, to ascertain if witness intimidation has occurred, and if it has, who is responsible, and what the appropriate remedy should be.

    Faisal Masih has brought grave allegations to the Court's attention. "Witness tampering is very serious misconduct. Trying improperly to influence a witness is fraud on the court and on the opposing party. Litigants that attempt to coerce witness into giving false testimony abuse the truth-seeking function of the courts and obstruct the courts' ability to solve disputes accurately

and efficiently. Not only does witness tampering interfere with the judicial branch's ability to function properly, it is a federal crime. *See* 18 U.S.C. § 1512(b) [1] . . . As such, tampering by the parties deserves the harshest sanction that the Court can deliver given the seriousness of the matter and in order to protect the judicial process." *Ramsey v. Broy*, 2010 U.S. Dist. LEXIS 27768 at *14-15 (S.D.Ill. March 24, 2010), citing *Ty Inc. v. Softbelly's Inc.(Ty I)*, 353 F.3d 528, 537 (7th Cir. 2003) and *Ty Inc. v. Softbelly's Inc.(Ty II)*, 517 F.3d 494, 498 (7th Cir. 2008) (cleaned up).

A declaration by a witness providing a first-hand account of witness intimidation is the appropriate means by which such misconduct should be brought to a court's attention, to be followed by appropriate discovery and an evidentiary hearing, "so that the court can exercise its 'ability to protect the integrity of its proceedings.'" *Trentadue v. CIA*, 2014 U.S. Dist. LEXIS 119967 at *2-3 (D.Utah Aug. 26, 2014), quoting *Davis v. Washington*, 547 U.S. 814, 834 (2006) (internal punctuation omitted). *See also, e.g., Perez v. Metro Dairy Corp.*, 2016 U.S. Dist. LEXIS 23246 at *4-6 (E.D.N.Y. Feb. 25, 2016) (ordering evidentiary hearing based on receipt of declaration of witness intimidation); *Garvais v. Reliant Inventory Solutions, Inc.*, 2010 U.S. Dist. LEXIS 120413 at *3-6 (S.D.Ohio Nov. 15, 2010) (same).

The Yahya Defendants have not suggested, and do not suggest, that the Court make factual determinations of witness intimidation based on mere declarations. What they seek, as stated in the instant Motion, is discovery to ascertain if there is documentary evidence demonstrating participation and/or knowledge by Mrs. Bibi or her husband in the conduct alleged by Faisel Masih, and a Court hearing with witnesses subject to cross-examination (via

---

[1] "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1512(b).

2

Zoom for those in Pakistan) on that subject. It is undisputed that Mrs. Bibi freely communicates with her husband and that he is aware of this suit in which she seeks vast sums of money; Plaintiff's invocation of the distance between them and their economic status is a red herring, no matter how many times repeated.

The Yahya Defendants largely agree[2] with Plaintiff Bibi's proposed method of examining her electronic records pursuant to Fed.R.Civ.P. 34, as set forth at p.10 of her Response. An independent third-party ESI firm and translator should be retained for this process. Moreover, the Yahya's Motion (at p. 2-3) presents to the Court the case law outlining the crime-fraud exception to the spousal communications privilege, which demonstrates the Court authority to vitiate that privilege upon a prima facie evidentiary showing. Plaintiff concedes this case law is controlling. Resp. at 5-6. Quite simply, using the electronic discovery methods authorized by Rule 34, as well as any pertinent witness testimony, the Court can determine if the exception applies

Accordingly, the Yahya Defendants reiterate their motion for targeted electronic discovery, followed by a hearing to determine if witness intimidation was committed by or with the knowledge of Plaintiff Bibi and/or her husband, Riaz Masih, and if so, the appropriate sanction.

Respectfully Submitted,
Shoaib Nooruddin Yahya & Ayesha Yahya

By counsel:
Juris Day, PLLC


_____/s/_____
Earl N. "Trey" Mayfield, III, VSB # 41691
tmayfield@jurisday.com
10521 Judicial Drive, Suite 200

---

[2] The precise method used to obtain the relevant information would be determined by the electronic discovery experts.

3

Fairfax, VA 22030
Voice: (703) 268-5600
Facsimile: (703) 268-5602
*Counsel for Defendants*
*Shoaib Nooruddin Yahya and Ayesha Yahya*

CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021, I caused the foregoing document to be delivered via ECF to:

Victor M. Glasberg, Esq.
Glasberg & Associates
121 S. Columbus St.
Alexandria, VA 22314
Tel. (703) 684-1100
Fax (703) 684-1104
vmg@robinhoodesq.com

Matthew Sutter, Esq.
Sutter & Terpak, PLLC
7540A Little River Turnpike, First Floor
Annandale, VA 22003
Tel. (703) 256-1800
Fax (703) 991-6116
matt@sutterandterpak.com

Alexandra Lydon, Esq.
Legal Services of Northern Virginia
100 N. Pitt Street, #307
Alexandria, VA 22314
Tel. (703) 504-9155
Fax (571) 386-0641
alydon@lsnv.org

            _____/s/_____
            Trey Mayfield